JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
E-mail: jboyle@nevadafirm.com
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 09549
Email: tedwards@nevadafirm.com
HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
Phone: 702/791-0308
Fax:    702/791-1912

JEFFREY MALSCH, ESQ.
(Pro Hac Vice Application Forthcoming)
E-mail: jmalsch@pmlegalfirm.com
DANNY C. LALLIS, ESQ.
(Pro Hac Vice Application Forthcoming)
E-mail: dlallis@pmlegalfirm.com
PISCIOTTI MALSCH PC
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
Phone: (973) 245-8100

*Attorneys for Defendant Slide Fire Solutions, LP*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEVON PRESCOTT, individually and on behalf of all those similarly situated; BROOKE FREEMAN, individually and on behalf of all those similarly situated; TASANEEPORN UPRIGHT, individually and on behalf of all those similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>SLIDE FIRE SOLUTIONS, LP, a Foreign Corporation; DOE MANUFACTURERS 1 – 100, inclusive; and ROE RETAILERS 1 – 100, inclusive,<br><br>                    Defendants. | CASE NO.: _____<br><br>**NOTICE OF REMOVAL OF ACTION FROM THE EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY, NEVADA, TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 AND 1453(B)** |

12459-01.001/2005921.DOCX

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453(b), Defendant SLIDE FIRE SOLUTIONS, LP ("Defendant"), hereby files this Notice of Removal of the state court action filed in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-17-762709-C ("State Court Action") to the United States District Court for the District of Nevada, and in support thereof states the following grounds for removal:

1. On October 6, 2017, Plaintiffs DEVON PRESCOTT, BROOKE FREEMAN and TASANEEPORN UPRIGHT, individually and on behalf of all those similarly situated (collectively, "Plaintiffs"), filed a Class Action Complaint (the "Complaint") against Defendant in the State Court Action. A true and accurate copy of the Complaint is attached hereto as **Exhibit A**. The Complaint was delivered to Defendant by a process server on January 27, 2018.

2. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."

3. Pursuant to 28 U.S.C. § 1453(b), a class action may be removed "without regard to whether any defendant is a citizen of the State in which the [State Court Action] is brought."

4. Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction of "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and wherein the action is a class action as defined by 28 U.S.C. § 1332(d)(1) and wherein any member of the class is a citizen of a State different from any defendant.

5. In the instant matter, Plaintiffs are a "class" within the definition of 28 U.S.C. § 1332(d)(1)(A), and the State Court Action is a "class action" as defined by 28 U.S.C. § 1332(d)(1)(B).

6. This action is not subject to any of the exceptions to removal set forth in 28 U.S.C. § 1332(d)(2) – (d)(5).

///

///

**Diversity of Citizenship**

7. As alleged in the Complaint, each of the named representative Plaintiffs is a citizen of the State of Nevada. *See* Complaint, at ¶¶ 22 – 24.

8. Defendant is a foreign limited partnership with its principal place of business in Texas. *See* Complaint, at ¶ 25. Further, each and every Partner in the limited partnership is a resident and citizen of Texas.

9. Thus, pursuant to 28 U.S.C. § 1332(d)(2)(C), a member of a class of plaintiffs is a citizen of Nevada and the defendant is considered a citizen of Texas, so the requirement of "minimal" diversity exists for purposes of removal, whether or not any class members are citizens of Texas or whether any potential "Doe Manufacturers: or "Roe Retailers" are citizens of Nevada.

**Timing and Amount in Controversy**

10. The thirty (30) day time limit to remove a matter to federal court as established by 28 U.S.C. § 1446(b) commences upon the defendant being notified of the action and brought under a court's authority through "formal process." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999); Mann v. Bank of N.Y. Mellon Corp., 2017 U.S. Dist. LEXIS 11036, at *4 (D. Nev. Jan. 25, 2017); Sharpless v. Geico Ins. Co., 2016 U.S. Dist. LEXIS 159462, at *5 (D. Nev. Nov. 16, 2016). The earliest Defendant could be said to have been served through formal process is January 27, 2018, which is less than thirty (30) days from the date of filing this Notice.

11. Pursuant to 28 U.S.C. § 1332(d)(6), in any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. To determine whether the matter in controversy exceeds that sum, "class members" include "persons (named or unnamed) who fall within the definition of the *proposed* or certified class." Id. § 1332(d)(1)(D) (emphasis added).

12. In this action, Plaintiffs have brought a class action on behalf of "themselves and on behalf of all persons who . . . suffered emotional distress as a result of the shooting that occurred . . . on October 1, 2017 in Las Vegas, Nevada," and allege that the proposed class includes "thousands of members." *See* Complaint, ¶¶ 1, 72. Plaintiffs have further alleged, with regard to

this tragic incident, that "59 people were shot and killed and hundreds were injured, and thousands more suffered emotional distress . . ." *See* Complaint, at ¶¶ 5, 9. Further, the LVMPD Preliminary Investigative Report, dated January 18, 2018, indicates that over 22,000 people attended the subject concert, and listed 58 persons as deceased victims. Other sources indicate that an additional 851 people were injured, with 422 of them sustaining gunshot wounds. As such, Plaintiffs' putative class of all persons who "attended the Route 91 Harvest Festival" on October 1, 2017 and "suffered emotional distress," but excluding "those individuals sustaining only physical injuries," would be more than 20,000 people. *See* Complaint, ¶ 71. Based on the allegations regarding purported emotional distress suffered by the putative plaintiff class alone, it is not unreasonable to conclude that Plaintiffs seek damages on behalf of the putative plaintiff class in excess of $5,000,000, exclusive of interest and costs, irrespective of Plaintiffs' multiple claims for damages "in excess of $10,000."[1] In addition, while Plaintiffs' putative class excludes "individuals sustaining only physical injuries," *see* Complaint ¶ 71 (emphasis added), it may include individuals who sustained physical injuries and emotional distress. Furthermore, Plaintiffs also seek the equitable remedy of "a court supervised program for medical psychological monitoring for all Class Members at the expense of Defendants," and punitive or exemplary damages, all of which clearly establish that the $5,000,000 damages threshold is met herein. *See* Complaint, at ¶¶ 88, 100, 104, 115, 120, 128, 132, 133, 141, 145, 157 and 158.

13.   If Plaintiffs, on behalf of the putative plaintiff class, were to prevail on the Complaint—a presumption made for purposes of this Notice *only*[2]—it is unlikely that a damage award would fall below the jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(6).

///

---

[1] Plaintiffs allege damages "in excess of $10,000" simply to (incorrectly) identify a basis for subject matter jurisdiction in the Eighth Judicial District Court of the State of Nevada, pursuant to NRS § 4.370 and Nev. Const. art. 6, § 6.

[2] "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." Lewis v. Verizon Communcs., Inc., 627 F.3d 395, 400 (9th Cir. 2010).

# CONCLUSION

14. Based on the foregoing, this action is a civil action of which the United States District Court for the District of Nevada has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. §§ 1441, 1446, and 1453(b).

15. Defendant Slide Fire Solutions, LP voluntarily appears in this action for purposes of removal, but reserves all objections, arguments, and defenses to Plaintiffs' Complaint. Thus, this Notice of Removal is filed subject to and with reservation of rights by Defendant, including, but not limited to, defenses and objections to venue, improper service of process, personal jurisdiction, failure to state a claim, and any other defenses Defendant might pursue through motion or pleading. A responsive pleading or motion will be filed in accordance with Rule 81 of the Federal Rules of Civil Procedure.

16. A copy of the following documents filed in the State Court Action are attached hereto: Complaint (**Exhibit A**); District Court Civil Cover Sheet (**Exhibit B**); Initial Appearance Fee Disclosure (**Exhibit C**); Summons (**Exhibit D**); Motion to Associate Counsel (**Exhibit E**); and docket for District Court Clark County, Nevada Case No. A-17-762709-C (**Exhibit F**).

17. The only process and pleadings that have been served on Defendant are the aforementioned State Court filings, which are attached as Exhibits A-D. Accordingly, copies of all processes, pleadings, and orders served upon Defendant have been attached to this Notice of Removal.

18. Defendant will promptly file a copy of this Notice of Removal with the Eighth Judicial District Court, Clark County, Nevada, and will promptly serve same on counsel for Plaintiffs, pursuant to 28 U.S.C. § 1446(d).

19. Defendant reserves the right to amend or supplement this Notice of Removal.

20. Defendant requests a trial by jury.

///

///

12459-01.001/2005921.DOCX

1   WHEREFORE, Defendant respectfully provides this Notice of Removal, removing this
2 action from the Eighth Judicial District Court, Clark County, Nevada, to the United States District
3 Court for the District of Nevada pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453(b).

   DATED this 16th day of February, 2018.

**HOLLEY DRIGGS, WALCH**
**FINE WRAY PUZEY & THOMPSON**

*/s/ F. Thomas Edwards*
JAMES D. BOYLE, ESQ. (NBN 08384)
F. THOMAS EDWARDS, ESQ. (NBN 09549)
400 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
Phone: 702/791-0308
Fax:    702/791-1912

*Attorneys for Defendant Slide Fire Solutions, LP*

12459-01.001/2005921.DOCX

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on the 16th day of February, 2018, I caused the document entitled **NOTICE OF REMOVAL OF ACTION FROM THE EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY, NEVADA, TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 AND 1453(B)**, to be served as follows:

| Attorneys of Record | Parties Represented | Method of Service |
| --- | --- | --- |
| Robert T. Eglet, Esq.<br>Robert M. Adams, Esq.<br>Aaron D. Ford, Esq.<br>Erica D. Entsminger, Esq.<br>EGLET PRINCE<br>400 South Seventh Street, Suite 400<br>Las Vegas, Nevada 89101 | Plaintiffs Devon Prescott, Brooke Freeman and Tasaneeporn Upright, and all those similarly situated | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>☐ Mail Service |
| Jonathan E. Lowy, Esq.<br>BRADY CENTER TO PREVENT GUN VIOLENCE<br>840 1st Street, NE #400<br>Washington, D.C. 20002 | Plaintiffs Devon Prescott, Brooke Freeman and Tasaneeporn Upright, and all those similarly situated | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>■ Mail Service |

*/s/ Norma S. Moseley*
An employee of Holley Driggs Walch
Fine Wray Puzey & Thompson

7

12459-01.001/2005921.DOCX