**ROBERT T. EGLET, ESQ.**
Nevada Bar No. 3402
**ROBERT M. ADAMS, ESQ.**
Nevada Bar No. 6551
**RICHARD K. HY, ESQ.**
Nevada Bar No. 12406
**EGLET ADAMS**
400 South Seventh Street, Suite 400
Las Vegas, Nevada 89101
Telephone:  (702) 450-5400
Facsimile:  (702) 450-5451
Email: eservice@egletlaw.com
-and-
**JONATHAN E. LOWY, ESQ.**
*(Admitted Pro Hac Vice)*
District of Columbia Bar No. 418654
**BRADY CENTER TO PREVENT GUN VIOLENCE**
840 1ˢᵗ Street, NE, #400
Washington, DC 20002
Telephone:  202-370-8104
Email: jlowy@bradymail.org
*Attorneys for Plaintiffs*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

DEVAN PRESCOTT, individually and on behalf of all those similarly situated; BROOKE FREEMAN, individually and on behalf of all those similarly situated,

    Plaintiffs,

vs.

SLIDE FIRE SOLUTIONS, LP, a Foreign Corporation; DOE MANUFACTURERS 1 though 100, inclusive; ROE RETAILERS 1 though 100, inclusive.

    Defendants.

Case No.: 2:18-cv-00296-GMN-BNW

**PLAINTIFFS' MOTION TO CONTINUE TIME FOR FILING THE MOTION FOR CLASS CERTIFICATION AND EXTEND ALL DISCOVERY DEADLINES**

1   Plaintiffs, by and through their counsel of record, hereby submit the instant Motion to

2   Extend Time for Filing the Motion for Class Certification.

3   **I.    INTRODUCTION**

4   In December 2019, the parties to this action agreed to a discovery schedule, which was

5   entered by this Court on January 6, 2020.[1]   Under that schedule, the Plaintiffs were to file the

6   Motion for Class Certification by Friday, July 31, 2020.[2]   However, due to various circumstances,

7   the July 31, 2020 deadline for the Motion for Class Certification is not attainable.   Accordingly,

8   Plaintiffs request that all deadlines within the Discovery Scheduling Order be continued by 9

9   months, so that the Motion for Class Certification must be filed by April 30, 2021.

10   **II.    DISCOVERY HAS BEEN DELAYED**

11   When the Parties agreed to a discovery schedule in December 2019, there was no way they

12   could have foreseen the upcoming pandemic.   Discovery opened on January 6, 2020 with the filing

13   of the Discovery Scheduling Order.   On February 20, 2020, Plaintiffs served Defendant with the

14   first sets of interrogatories, requests for production, and requests for admission.[3]   On March 13,

15   2020, before Defendant's time to respond had expired, the President of the United States declared

16   a National State of Emergency due to the COVID19 pandemic.   Defendant served its responses to

17   the interrogatories and requests for admission on April 14, 2020 and served the responses to the

18   requests for production on April 28, 2020.[4]   On May 19, 2020, the Defendant served Plaintiffs

19   with the first set of requests for production.[5]   Plaintiffs' responses are due August 21, 2020.

20   No other discovery has taken place.   There have not been any depositions. Expert reports

21   have not been disclosed.   The Nation continues to be in a state of emergency with no sign of relief.

22   

23   [1] *See* Document 72.

24   [2] *Id.* at p. 3:26-27. Note, there is a clerical error in the schedule, stating "Thursday, July 31, 2020."

25   [3] *See* Exhibit 1, Plaintiffs' First Set of Interrogatories to Defendant; Exhibit 2, Plaintiffs' First Set

26   of Requests for Admission to Defendant; and Exhibit 3, Plaintiffs' First Requests for Production

27   to Defendant.

28   [4] *See* Exhibits 4, 5, and 6, Defendant's responses to Written Discovery.

[5] *See* Exhibit 7, Defendant's First Requests for Production to Plaintiffs.

EGLET ADAMS

1    As this Court is aware, the impact of COVID19 can be felt in all areas of litigation.  The pandemic

2    has significantly impaired the parties' abilities to schedule or plan for the discovery necessary for

3    the Plaintiffs to move for class certification and for Defendant to oppose such a motion.

4           Additionally, the parties recently began discussing the possibility of mediating this case.

5    Mediating at this stage of litigation, where discovery has only just begun and costs are relatively

6    low, benefits all parties.  An extension of all deadlines in the Discovery Scheduling Order,

7    including the deadline for filing the motion for class certification, reduces expenses and would

8    help facilitate mediation discussions.

9           Moreover, Defendants' Motion for Reconsideration is pending before the Court.  That

10   Motion involves potentially case dispositive issues.  It is more cost effective and efficient for all

11   parties to delay expensive and time-consuming discovery until they receive a ruling on the issues

12   presented in the Motion for Reconsideration.

13          Discovery has been delayed to such an extent that the December 2020 close of discovery

14   is no longer practicable.  The COVID19 pandemic has already lasted much longer than many

15   anticipated.  It is unlikely that the pandemic will resolve in time to allow for the parties to complete

16   the discovery according to the current deadlines.  Accordingly, all parties would benefit from an

17   extension of all discovery deadlines.

18   **III.**     **A MOTION FOR CLASS CERTIFICATION IS NOT PRACTICABLE WITHOUT**

19          **DISCOVERY**

20          In any class action, it is the plaintiffs' burden to establish that certification is appropriate

21   under FRCP 23.  Generally, a class may not be certified based upon allegations in the pleadings

22   alone.  In order to succeed on a motion for class certification, the plaintiffs must demonstrate that:

23               (1) the class is so numerous that joinder of all members is impracticable; (2) there

24               are questions of law or fact common to the class; (3) the claims or defenses of the

25               representative parties are typical of the claims or defenses of the class; and (4) the

26               representative parties will fairly and adequately protect the interests of the class.

27    FRCP 23(a); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011).

28          Additionally, the plaintiffs are required to satisfy at least one of the three prongs of FRCP

     23(b):

1.  There is a risk that the prosecution of individual actions would result in inconsistent rulings "that would establish incompatible standards of conduct for the party opposing the class," or that the adjudication of one individual's action would dispose of the interests of other individuals and impede the ability of other individuals to protect their interests;

2.  The defendants are acting in such a way applicable to the entire class so that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole;" or

3.  "[Q]uestions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

FRCP 23(b).

Plaintiffs must have the opportunity to conduct discovery in order to seek class certification. The Ninth Circuit has recognized that "[t]he propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses." *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1976). Additionally, the comments to FRCP 23 recognize the importance of discovery in determining where class certification is appropriate. FRCP 23, Notes of Advisory Committee on 2003 Amendments. For example, in the *Dukes* case, the plaintiffs presented discovery in the form of "statistical evidence about pay and promotion disparities between men and women . . ., anecdotal reports of discrimination from about 120 of Wal-Mart's female employees, and the testimony of a sociologist," regarding Wal-Mart's culture and personnel practices. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 346.

As discussed, *supra*, the parties have not had the opportunity to engage in significant, meaningful discovery. Not only does the lack of discovery hinder Plaintiffs' ability to support a motion for class certification, it also hinders the Defendant's ability to provide a meaningful response to any such motion. Thus, Plaintiff requests that all dates within the Discovery

1  Scheduling Order be continued for a period of 9 months, including the deadline for the motion for

2  class certification.

3  **IV.      CONCLUSION**

4

5       Based on the foregoing, Plaintiffs respectfully request that all deadlines within the

6  Discovery Scheduling Order be continued by a period of 9 months, thus rendering the Motion for

7  Class Certification due on, or before, April 30, 2021.

8                         DATED this 31st day of July, 2020.

9

10                        */s/ Robert M. Adams*
                          **ROBERT T. EGLET, ESQ.**
11                        Nevada Bar No. 3402
                          **ROBERT M. ADAMS, ESQ.**
12                        Nevada Bar No. 6551
                          **RICHARD K. HY, ESQ.**
13                        Nevada Bar No. 12406
                          **EGLET ADAMS**
14                        400 South Seventh Street, Suite 400
15                        Las Vegas, Nevada 89101
                          Telephone:  (702) 450-5400
16                        Facsimile:  (702) 450-5451
                          Email: eservice@egletlaw.com
17                        -and-
18                        **JONATHAN E. LOWY, ESQ.**
                          *(Admitted Pro Hac Vice)*
19                        District of Columbia Bar No. 418654
                          **BRADY CENTER TO PREVENT GUN VIOLENCE**
20                        840 1st Street, NE, #400
21                        Washington, DC 20002
                          Telephone:  202-370-8104
22                        Email: jlowy@bradymail.org
                          *Attorneys for Plaintiffs*
23
   The Court notes that defendant does not intend to oppose this motion.  *See* ECF No.
24  81 at 3.  Further, the Court finds finds that there exists good cause for the requested
    extension.  Therefore, IT IS ORDERED that plaintiffs' motion is GRANTED.  The
25  deadlines in the DPSO shall be continued by a period of 9 months, which means that
26  the deadline for the motion for class certification is now April 30, 2021.

27
                                        IT IS SO ORDERED
28
                                        DATED:  5:31 pm, August 06, 2020


                                        _____
                                        BRENDA WEKSLER
                                        UNITED STATES MAGISTRATE JUDGE